IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | § |
|---|---|
| BERMAN DE PAZ GONZALEZ AND | § |
| EMERITA MARTINEZ-TORRES, | § |
| INDIVIDUALLY AND AS HEIRS, | § |
| AND ON BEHALF OF THE ESTATE OF | § |
| BERMAN DE PAZ-MARTINEZ, | § |
| | § |
| Plaintiffs, | § |
| | § |
| VS. | § NO. 4:20-CV-072-A |
| | § |
| THERESA M. DUANE, M.D., ET AL., | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION & ORDER

Came on for consideration the motion by defendants Therese M. Duane, M.D., ("Duane") and Acclaim Physician Group, Inc., ("Acclaim") (collectively, "movants") to dismiss or, alternatively, for a more definite statement. Doc.[1] 16. Having considered the motion and brief in support, the response by plaintiffs, Berman De Paz Gonzalez ("De Paz Gonzalez, Sr.") and Emerita Martinez-Torres, the reply, the record, and the relevant legal authorities, the court finds that such motion should be granted and that the claims brought by plaintiffs against movants should be dismissed.

---

[1] The "Doc. __" reference is to the number of the item on the docket in the above-captioned action.

I.

## Factual Background

Accepting the allegations in the complaint as true, plaintiff's twenty-one-year-old son, Berman De Paz, Jr., ("De Paz, Jr.") sustained a serious brain injury that left him in a coma. Doc. 1 at 3. He was taken to JPS Hospital for life-sustaining treatment, where staff informed plaintiffs that their son's prognosis was extremely poor. Id. Plaintiffs did not desire to cease the life-sustaining treatment because they believed in miracles and that their son made movements in response to prayer. Id. Staff at the hospital informed plaintiffs that their son could stay for seven days and then be released to go home with the necessary equipment to keep him alive. Id. A few days after their son's admission to the hospital, Duane, a physician, informed De Paz Gonzalez, Sr., that the doctors decided to take his son off life support. Id. Without the consent of plaintiffs, Duane disconnected De Paz, Jr., from life support, and he died. Id. at 4.

II.

## Procedural History

On January 28, 2020, plaintiffs sued movants and defendant Tarrant County Hospital District d/b/a JPS Health Network for negligence, gross negligence, and, pursuant to 42 U.S.C. § 1983,

2

violations of the Fourteenth Amendment's Due Process Clause. Id. at 6-8.[2]  Plaintiffs brought such claims individually, as heirs, and on behalf of their son's estate. Id. at 1. On February 11, 2020, plaintiffs filed a notice of dismissal of their claims on behalf of the estate, Doc. 9, and the court entered final judgment as to those claims, Doc. 10. On April 6, 2020, movants filed their motion to dismiss, or in the alternative, for a more definite statement. Doc. 16. On April 27, 2020, plaintiffs filed their response, Doc. 21, and on May 11, 2020, movants replied, Doc. 24.

III.

Grounds of the Motion to Dismiss

Movants assert that plaintiffs' negligence and gross negligence claims against them should be dismissed for a lack of subject matter jurisdiction because they enjoy sovereign immunity from liability. Doc. 16 at 4-10. Movants also argue that all claims brought against them should be dismissed for failure to state a claim upon which relief may be granted. Id. at 11-23.

---

[2] The complaint does not specify whether each claim is asserted against each defendant.

3

IV.

Applicable Legal Principles

A. Subject Matter Jurisdiction

The plaintiff bears the burden of proof regarding jurisdiction at all stages of litigation. Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980). A district court has the power to dismiss for a lack of subject matter jurisdiction and may make its determination "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996). "Sovereign immunity deprives the court of subject matter jurisdiction." Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 734 (5th Cir. 2019).

B. Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal

4

quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. "In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the

pleadings, including attachments thereto." Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000).

V.

Analysis

A. The state tort claims should be dismissed for lack of subject matter jurisdiction.

Movants argue that the negligence and gross negligence claims asserted against them should be dismissed for lack of subject matter jurisdiction. The court agrees.

First, the state tort claims against Duane must be dismissed. Under the Texas Tort Claims Act ("TTCA"), when tort claims are brought against "both a unit of government and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code § 101.106(e). Movants state that Acclaim qualifies as a unit of government for TTCA purposes pursuant to Texas Health & Safety Code § 281.0565(c), Doc. 16 at 6-8, and plaintiffs do not contest that assertion, Doc. 21 at 7. Duane is Acclaim's employee. Doc 16 at 10. Consequently, the tort claims brought against Duane should be dismissed.

Second, the tort claims brought against Acclaim should be dismissed. The complaint states that Acclaim is liable for negligence and gross negligence (I) because Duane breached a

6

duty to follow the procedures contained in the Texas Advanced Directive Act before discontinuing life sustaining treatment[3] and (II) because Acclaim failed to adequately supervise and train its employees to ensure they followed the act's procedures. Doc. 1 at 6-7 (citing Tex. Health & Safety Code §§ 166.039, 166.040, 166.044, 166.045, 166.046). The Texas Advanced Directive Act states that if a patient has not executed an advanced directive, is incapable of communication, and does not have a legal guardian or an agent under a medical power of attorney, the attending physician and one other person, including the patient's parent, may make the decision to withdraw life support. Tex. Health & Safety Code § 166.039(a)-(b). Further, if an attending physician refuses to honor a decision made on behalf of such a patient, either (I) the physician's refusal must be approved by an ethics or medical committee, id. at § 166.046(a), or (II) life support must be provided to the patient until a reasonable opportunity has been afforded for the transfer of the patient to another healthcare facility willing to comply with the decision, id. at § 166.045(c).

However, under the Texas doctrine of sovereign immunity, a

---

[3] The complaint alleges that Acclaim is liable for Duane's negligence under the doctrine of respondeat superior. Doc. 1 at 6.

7

governmental entity cannot be held liable for the negligence of its employees unless a constitutional or statutory provision waives its sovereign immunity in clear and unambiguous language. See Univ. of Tex. Med. Branch v. York, 871 S.W.2d 175, 177 (Tex. 1994); Duhart v. State, 610 S.W.2d 740, 742 (Tex. 1980). The TTCA provides waiver in certain circumstances. Tex. Civ. Prac. & Rem. Code § 101.025(a) ("Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter."). The only source of waiver discussed by the parties is found in a TTCA provision which states that a government defendant is liable for "personal injury and death so caused by a condition or use of tangible . . . property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code § 101.021(2).

The complaint does not address the TTCA nor waiver of sovereign immunity. See Doc. 1. In their motion to dismiss, movants argue that the TTCA's waiver relating to tangible property does not apply to the facts pleaded in the complaint, Doc. 16 at 8-9, and plaintiffs assert in their response that it does, Doc. 21 at 7. The court finds that it does not and that plaintiffs failed to allege facts to establish waiver of sovereign immunity.

When the alleged negligence does not relate to the use of tangible property, but instead to the thought process that led to the decision to use it, the waiver found in the TTCA's "tangible property" provision does not apply. Tex. Tech Univ. Health Sci. Center v. Jackson, 354 S.W.3d 879, 886 (Tex. App.—El Paso 2011) (finding no waiver of sovereign immunity because the negligence related to the judgment the doctor used to decide how to treat plaintiff's injured eye and not to how the doctor applied the "bandage contact" or a condition of the contact).

For example, in Arnold v. University of Texas Southwestern Medical Center at Dallas, a doctor's negligent use of medical information led him to use implants which were the wrong size during a breast augmentation surgery, which caused a deformity. 279 S.W.3d 464, 466-67 (Tex. App.–Dallas 2009). The patient sued the doctor and his employer "for failure to make proper pre-surgery investigations and arrangements." Id. No waiver took place because although the doctor physically handled the implants, his negligence related to his decision-making process before the surgery and not to a negligent handling or application of the property. Id. at 470 ("Because the true substance of the Arnolds' pleadings is that Dr. Chao miscalculated or misdiagnosed the necessary size of replacement breast implants, the fact that the pleadings also identify a

piece of tangible personal property used during the procedure does not affect our decision that this is not a claim for the negligent use of tangible personal property.").

A ventilator, like the one used to keep plaintiffs' son alive, constitutes tangible property. However, like in Arnold, the alleged negligence in this action relates to the manner in which a medical decision was made - the decision to withdraw life support without following the procedures mandated by the Texas Advance Directive Act - and not to the manner in which the tangible property was used.[4] Consequently, Acclaim's sovereign immunity has not been waived under the TTCA's "tangible property" provision, and the tort claims asserted against Acclaim should be dismissed.

B.  The § 1983 claims should be dismissed.

Movants also argue that the § 1983 claims asserted against them should be dismissed for failure to state a claim for which relief may be granted. Doc. 16 at 18-23. The court agrees.

To state a claim against a unit of government under § 1983, a plaintiff must allege: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the

---

[4] The parties disagree about whether the withdrawal of life support even constitutes a "use" of the ventilator. Doc. 16 at 9; Doc. 21 at 7-8; Doc. 24 at 3-4. However, because plaintiffs failed to allege that the withdrawal was performed in a negligent manner, the court need not decide this question.

10

policy or custom." Cox v. City of Dallas, 430 F.3d 734, 748 (5th Cir. 2005) (internal citations omitted). Such allegations may not be conclusory; they must contain specific facts. Iqbal, 556 U.S. at 679; Pena v. City of Rio Grande City, 879 F.3d 613, 622 (5th Cir. 2018).

The complaint does not explain how plaintiffs' constitutional rights were violated. Instead, it merely states, "the failure to adhere to the Texas Advanced Directive Act was a direct violation of Mr. DePaz' [sic] due process rights under the 14th amendment of the United States Constitution." Doc. 1 at 7. In their response, plaintiffs clarify that this language refers to the deprivation of plaintiffs' son's life by movants without the due process outlined in the Texas Advanced Directive Act. Doc. 21 at 18. However, to state a § 1983 claim, plaintiffs must plead that their own rights were violated and may not claim their son's injury as their own. See, e.g., Morgan v. City of New York, 166 F. Supp. 2d 817, 819 (S.D.N.Y. 2001); Burrow by and through Burrow v. Postville Cmty. Sch. Dist., 929 F. Supp. 1193, 1208 (N.D. Iowa 1996). Plaintiffs might well have alleged facts to support a state law claim for emotional distress, but the legal authorities would indicate that damages of that sort will not support a claim based on an alleged violation of the United States Constitution. Id.

11

Case 4:20-cv-00072-A   Document 27   Filed 05/16/20   Page 12 of 12   PageID 255

Because plaintiffs failed to allege that their constitutional rights were violated, they have failed to state a claim for relief against movants under § 1983, and such claims must be dismissed.

## VI.

### Order

Therefore,

The court ORDERS that the motion be, and is hereby, granted.

The court further ORDERS that the state tort claims and causes of action brought by plaintiffs against movants be, and are hereby, dismissed for lack of subject matter jurisdiction, and that the § 1983 claims and causes of action asserted by plaintiffs against movants be, and are hereby, dismissed with prejudice.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of the claims against movants.

SIGNED May 16, 2020.

JOHN McBRYDE
United States District Judge