IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BERMAN DE PAZ GONZALEZ and EMERITA MARTINEZ-TORRES Individually and as Heirs, and on behalf of THE ESTATE OF BERMAN DE PAZ-MARTINEZ, <br><br> *Plaintiffs,* <br><br> v. <br><br> THERESE M. DUANE, M.D., ACCLAIM PHYSICIAN GROUP, INC., TARRANT COUNTY HOSPITAL DISTRICT d/b/a JPS HEALTH NETWORK, <br><br> *Defendants.* | § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br><br> 4:20-CV-00072-A |

---

**REPLY IN SUPPORT OF TARRANT COUNTY HOSPITAL DISTRICT D/B/A JPS HEALTH NETWORK'S AND ROBERT EARLEY'S MOTION FOR PROTECTIVE ORDER, MOTION TO QUASH AND SUPPORTING BRIEF**

---

TO:   THE HONORABLE JOHN H. MCBRYDE, UNITED STATES DISTRICT COURT JUDGE FOR THE NORTHERN DISTRICT OF TEXAS, FORT WORTH DIVISION

Tarrant County Hospital District d/b/a JPS Health Network ("JPS") and Robert Earley ("Earley") (together with JPS, the "Movants") submit the following Reply in Support of Motion for Protective Order, Motion to Quash, and Supporting Brief (hereinafter the "Motion"). In support of same, Movants respectfully show the Court as follows:

I.
**REPLY**

Plaintiffs have not and cannot establish a basis for deposing Earley, the former CEO of JPS. To obtain the deposition of a high-level executive, like Earley, Plaintiffs must demonstrate that: (1) knowledge and conduct at the highest levels of the corporation (*i.e.*, JPS) are relevant to the case; (2) the executive (*i.e.*, Earley) possesses unique personal knowledge about the controversy; and (3) Plaintiffs first utilized less-intrusive means by way of deposing lesser-ranking employees. Plaintiffs meet none of the three factors for deposing Earley—much less all of them. Thus, for the reasons set forth herein and in the Motion, Movants respectfully request that the Court quash the subpoena directed to Earley.

**A.     Knowledge and Conduct at the Highest Levels of JPS are Not Relevant to Plaintiffs' Section 1983 Claim Against Dr. Duane, Individually.**

Plaintiffs' sole remaining claim in this lawsuit is a Section 1983 claim against Dr. Duane, individually. Necessarily, Plaintiffs' claim is focused on the care, treatment and medical decision making of Dr. Duane; in particular, Plaintiffs allege that Dr. Duane violated De Paz Jr.'s constitutional rights by "unilaterally cho[osing] to terminate Mr. De Paz Jr.'s life support." [*See* Doc. 46 at ¶ 17]. In their Response, however, Plaintiffs do not explain or endeavor to demonstrate how the "knowledge and conduct at the highest levels" of JPS[1] would be relevant to their live claim. Nor could Plaintiffs meet this burden, even if they tried. Earley is not a physician and was not involved in any aspect of medical decision making for any patient at JPS, including De Paz Jr. [Doc. 92 at APP 002, ¶ 2]. Earley does not possess first-hand knowledge of facts concerning the care or treatment that Dr. Duane provided to De Paz Jr. [*Id.* at APP 0002-0003, ¶ 2]. Rather, any information that Earley possesses related to this incident was obtained after-the-fact from others

---

[1] All claims against JPS in this matter have been dismissed.

(*i.e.*, second-hand, after all of the operative events underlying Plaintiffs' claim had already transpired). [*Id.* at APP 0003, ¶ 2]. Any "knowledge or conduct at the highest levels of JPS" related to this incident is irrelevant to Plaintiffs' claim. Such after-the-fact knowledge or conduct, even if discoverable, would not make it more or less likely that a Constitutional deprivation occurred at the time of the operative events underlying Plaintiffs' claim. Thus, Movants respectfully request that the Court grant their Motion and quash the subpoena directed to Earley.

**B.     Earley Does Not Possess Unique Personal Knowledge About the Controversy.**

Plaintiffs incorrectly contend that Earley has "unique personal knowledge" and is "a direct fact witness to the circumstances surrounding this case." [Doc. 96 at p. 5]. As support, Plaintiffs first assert that Earley was "directly involved" in making employment decisions related to Dr. Duane. [*Id.* at pp. 5-6]. Plaintiffs next assert that Earley has "unique personal knowledge" based upon his alleged receipt of complaints from "anonymous sources" identified only as "concerned members of JPS staff" related to Dr. Duane's treatment and care of De Paz Jr. [*Id.* at pp. 6-7].

As an initial matter, Dr. Duane was employed by Acclaim Physician Group, Inc.—not JPS. [Doc. 92 at APP 003, ¶ 3]. As CEO of JPS, Earley had no role with respect to employment decisions concerning Dr. Duane, including any decision to hire, suspend, or terminate Dr. Duane. [*Id.*]. Even if Earley had such involvement (which he did not), however, it would not be relevant to Plaintiffs' Section 1983 claim because such involvement would necessarily have occurred *after* all of the events underlying Plaintiffs' claim had transpired (*i.e.*, after extubation and De Paz Jr.'s death). Simply put, Earley, a non-physician, was not involved in the care, treatment or medical decision making related to De Paz Jr. and possesses no "unique personal knowledge" relevant to Plaintiffs' claim.

Plaintiffs further assert that Earley possesses "unique personal knowledge" because, according to Plaintiffs, Earley subsequently received complaints concerning Dr. Duane's care and treatment of De Paz Jr. from JPS staff members. [Doc. 96 at p. 6]. As support for this proposition, Plaintiffs rely upon a document that they assert was provided to them at some point by an "anonymous" "medical provider who participated in the care of [De Paz Jr.]." [*Id.* at pp. 2, 6-7]. Without identifying their source, Plaintiffs allege that the "anonymous" individual "indicated" to Plaintiffs' counsel that the document ("believed to be either an email or a letter") was provided to Earley. [*Id.* at p. 2]. The anonymously authored document is hearsay, has not been authenticated, and there has been no showing that the document was authored by someone with personal knowledge of the underlying events.

But even if the document were exactly what Plaintiffs allege, it does not demonstrate any "unique personal knowledge" held by Earley related to this matter. At most, it indicates that a complaint was made by JPS staff after all of the operative events underlying Plaintiffs' claim had already occurred. It does *not* imply that Earley has unique personal knowledge of the facts giving rise to Plaintiffs' claim. If Plaintiffs desired to explore the facts and circumstances described in the anonymously authored document, Plaintiffs should have taken the deposition of the author, who is apparently known to Plaintiffs. [*See* Doc. 96 at pp. 2 ("[A] medical provider who participated in the care of [De Paz Jr.] who wishes to remain anonymous … provided Plaintiffs' counsel with a document … This medical provider indicated that the email or letter was provided to [Earley] directly …[T]hey plan to move out of state in October and at that time may be willing to come forward.")].

Similarly, Plaintiffs' reliance on the deposition testimony of Aaron Harris is misplaced. Harris is a reporter who has authored articles related to the events underlying this lawsuit.

Accordingly, Harris has no personal knowledge of the facts underlying Plaintiffs' claims—much less personal knowledge concerning the extent or scope of Earley's knowledge concerning the facts and events underlying this lawsuit.

In short, Earley, the former CEO of JPS, has no unique personal knowledge related to Plaintiffs' claim. He was not involved in making employment decisions related to Dr. Duane, an employee of Acclaim. Further, even if Plaintiffs were entitled to rely on unauthenticated hearsay from anonymous sources, such "evidence" only serves to establish that any information in the possession of Earley related to the underlying events would have been obtained after-the-fact and, therefore, would not be "unique" or even "personal knowledge" held by Earley. Thus, Movants respectfully request that the Court grant their Motion and quash the subpoena directed to Earley.

### C.   Plaintiffs Did Not First Use Less-Intrusive Means.

Plaintiffs should also not be permitted to depose Earley because Plaintiffs did not first utilize less-intrusive means to secure the information sought. Plaintiffs could have timely sought and obtained the testimony of those JPS employees who witnessed first-hand the care, treatment, and medical decision making that underlies Plaintiffs' claim in this lawsuit. Plaintiffs did not do so. Instead, Plaintiffs seek to depose the former CEO of JPS, who is not a physician and did not participate in the care or treatment of De Paz Jr. Because Plaintiffs did not first utilize less-intrusive means, Movants respectfully request that the Court grant their Motion and quash the subpoena directed to Earley.

## II.
## PRAYER

JPS and Earley respectfully request that the Court grant their Motion, thereby precluding Plaintiffs from taking the deposition of Earley and quashing the Subpoena. JPS and Earley further pray the Court award them any and all, further and additional relief to which they are entitled.


Respectfully submitted,

By: _____
GRANT D. BLAIES
State Bar No. 00783669
Email: grantblaies@bhilaw.com

GREGORY P. BLAIES
State Bar No. 02412650
Email: greg.blaies@bhilaw.com

BRIAN K. GARRETT
State Bar No. 24074254
Email: bgarrett@bhilaw.com

**BLAIES & HIGHTOWER, L.L.P.**
420 Throckmorton St., Suite 1200
Fort Worth, Texas 76102
817-334-0800 (Telephone)
817-334-0574 (Facsimile)

**ATTORNEYS FOR DEFENDANT
TARRANT COUNTY HOSPITAL DISTRICT
D/B/A JPS HOSPITAL NETWORK AND
ROBERT EARLEY**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served electronically via the CM/ECF system of the United States District Court to the following counsel of record on this the 19th day of September, 2022:

| | |
|---|---|
| Jackson Davis<br>jackson.davis@streckdavislaw.com<br>STRECK AND DAVIS LAW<br>555 S. Summit<br>Fort Worth, Texas 76104 | ____ FACSIMILE<br>____ FIRST CLASS MAIL<br>____ CERTIFIED MAIL, RRR<br>____ HAND DELIVERY<br>_X_ ELECTRONIC TRANSMISSION |

**ATTORNEY FOR PLAINTIFFS**

| | |
|---|---|
| Jordan M. Parker<br>jparker@canteyhanger.com<br>Philip A. Vickers<br>pvickers@canteyhanger.com<br>Katherine R. Hancock<br>khancock@canteyhanger.com<br>CANTEY HANGER, LLP<br>600 West 6th Street, Suite 300<br>Fort Worth, Texas 76102 | ____ FACSIMILE<br>____ FIRST CLASS MAIL<br>____ CERTIFIED MAIL, RRR<br>____ HAND DELIVERY<br>_X_ ELECTRONIC TRANSMISSION |

**ATTORNEYS FOR DEFENDANTS THERESE M. DUANE, M.D. AND ACCLAIM PHYSICIAN GROUP, INC.**

/s/ Brian K. Garrett